NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30269 |
| Plaintiff-Appellee, | D.C. No. 6:11-cr-60062-AA-1 |
| v. | |
| THOMAS WILLIAM CORNELIUS, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30270 |
| Plaintiff-Appellee, | D.C. No. 6:13-cr-00135-AA-1 |
| v. | |
| THOMAS WILLIAM CORNELIUS, Jr., | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30271 |
| Plaintiff-Appellee, | D.C. No. 6:13-cr-00545-AA-1 |
| v. | |
| THOMAS WILLIAM CORNELIUS, Jr., | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeals from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted June 8, 2017
Portland, Oregon

Before:  TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

In these consolidated appeals, Thomas Cornelius, Jr. challenges his
convictions for being a felon in possession of a firearm and sentences from assaults
he committed in prison on July 5, 2012, and August 18, 2013.  We have
jurisdiction under 28 U.S.C. § 1291, and we affirm.

**Case No. 15-30269**

1.      The district court did not err in denying Cornelius's motion to
suppress evidence found in his car during a traffic stop on May 3, 2011.  Trooper
Gardiner did not unreasonably prolong Cornelius's stop by refusing to release
Cornelius until after she administered sobriety tests on Holm.  At the time when
Gardiner began administering those sobriety tests, she reasonably suspected that
Cornelius and Holm had been speed racing and that Cornelius was not in lawful
possession of the car he was driving.  *See United States v. Mayo*, 394 F.3d 1271,
1276 (9th Cir. 2005).

2.      The district court did not abuse its discretion in refusing to reopen its

2

denial of Cornelius's suppression motion. The "newly-discovered" video clip would have had no impact on the district court's conclusion that objective reasonable suspicion justified the duration of Cornelius's traffic stop. Moreover, Cornelius offered no evidence that he could not access the newly-discovered video clip when he filed the suppression motion. *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

3. The district court did not abuse its discretion in denying Cornelius's motion for a mistrial. The information revealed to the jury about Cornelius's prior conviction did not prevent the jury from reaching an impartial verdict. *See United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980).

**Case No. 15-30270**

4. The district court abused its discretion in imposing a two-level enhancement under United States Sentencing Guideline (USSG) § 3A1.1(b)(1). While the victim was in a confined area at the time of Cornelius's attack, there was no evidence that the victim was less able to resist than a typical prisoner victim. *See United States v. Castaneda*, 239 F.3d 978, 980 (9th Cir. 2001).

Nonetheless, this error was harmless. In sentencing Cornelius for all three of these cases, the district court used USSG § 3D1.4 to calculate a "combined total offense level." The district court calculated the offense levels for each "group" of closely-related counts under § 3D1.3 to be 30 (Case No. 15-30269 Group), 27

3

(Case No. 15-30270 Group), and 38 (Case No. 15-30271 Group). Because the Case No. 15-30270 Group had an offense level that was eleven levels "less serious" than the highest offense level group, the Case No. 15-30270 Group had no effect on Cornelius's combined total offense level. *See* USSG § 3D1.4(c) ("Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level."). As a result, Cornelius's combined offense level would have been exactly the same even if the district court did not impose the two-level vulnerable-victim enhancement. The district court's error was therefore harmless. *See United States v. Cantrell*, 433 F.3d 1269, 1280 n.4 (9th Cir. 2006).

**Case No. 15-30271**

5. The district court did not abuse its discretion in imposing a three-level enhancement under USSG § 2A2.1(b)(1)(C) because the victim's injuries in this case lay somewhere between "serious" and "permanent or life-threatening." The emergency medical technician who treated the victim testified that, based on the amount of blood the victim lost, it was possible that the victim could have died. *See United States v. Hinton*, 31 F.3d 817, 825–26 (9th Cir. 1994).

**AFFIRMED.**